# IN RE CAPRON.

PATENTS; PATENTABILITY; SUBSTITUTING MATERIALS.

1. There can be no invention in substituting one known material for another to accomplish a known result.
2. The rule that invention cannot be predicated of the substitution of one material for another applies to the substitution of rolled for cast steel, although the former is more durable than the latter, and it has heretofore been impracticable to bend rolled steel for the purpose.
3. Invention cannot be predicated of the known expedient of leaving a joint in a circular track for a revoluble drum, so that its size can be slightly altered.

No. 856. Patent Appeals. Submitted November 11, 1913. Decided January 5, 1914.

HEARING on an appeal from a decision of the Commissioner of Patents rejecting certain claims in an application for a patent.
*Affirmed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a decision of the Commissioner of Patents refusing to grant appellant, Horace M. Capron the following claims on an improvement in concrete mixers:

"1. A circular track for a revoluble element consisting of a steel T-section railroad rail bent into circular form, with its ends secured together.

"2. A circular track for a revoluble element consisting of a single length of steel T-section railroad rail bent in circular form, with its ends brought together, and having the outer portions of its base flanges flattened to a substantially uniform thickness for a sufficient distance inwardly of the edges to give room for perforations for attaching devices.

"3. In a machine of the character described, the combination, with the revoluble drum, of supporting rollers for the same, and a circular track on said drum, by means of which it is revolubly supported on said rollers comprising a steel T-section railroad rail bent into circular form and secured to said drum.

"4. In a machine of the character described, the combination, with the revoluble drum, of supporting rollers for the same, a circular track on said drum, by means of which it is revolubly supported on said rollers, comprising a single length of steel T-section railroad rail bent into circular form, with its ends brought together, and rivets or the like which extend through the base flanges of the track and the drum, by means of which the track is secured to said drum, the outer portions of said base flanges being flattened to a substantially uniform thickness for a sufficient distance inwardly of the edges to give room for said rivets, substantially as and for the purpose described."

As will be seen from a reference to the above claims, the application on which a patent is here sought is drawn to cover an article of manufacture which consists of a steel T-section railroad rail bent into a circular track, the ends being secured together by rivets. It is designed for use on concrete mixers.

The primary examiner rejected the claims on patents to Moore and to Hambleton which show endless tracks of T-shape. Appellant contends that his application discloses invention over the prior art, first, in that in the patents to Moore and to Hambleton the tracks are made of cast steel, while his track is made of rolled steel, which possesses greater durability; and, second, in that the track here under consideration, not being endless, but having ends joined by rivets or fish-plates, possesses an adaptability to slight variations in the size of the revoluble drum of the concrete mixer not present in those heretofore known.

*Mr. Otto R. Barnett* and *Mr. Percival H. Truman* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

It must be conceded that the superiority of rolled steel over cast steel for this purpose was well known. Appellant bases his claim for a patent on the ground that, prior to the invention of his apparatus, on which he has obtained a patent, and his process, on which an application is pending, it was not regarded as commercially feasible to bend rolled steel rails into circular tracks. It does not even appear in the record before us that, without the aid of appellant's apparatus and process, it was impossible to accomplish this, but merely that it was commercially impracticable. Therefore we must agree with the tribunals below that whatever invention resides in appellant's improvements must be confined to his apparatus and process. There can be no invention in substituting one known material for another to accomplish a known result. Neither can invention be predicated on the known expedient of making a track of circular formation with a break therein, so that its size may be slightly enlarged or diminished as occasion may require.

Appellant relies chiefly upon the case of *Krementz* v. *S. Cottle Co.* 148 U. S. 556, 37 L. ed. 558, 13 Sup. Ct. Rep. 719,

where a collar button made of a continuous piece of metal, with a hollow shank, was held to be patentable as an article of manufacture. In that case, however, the button was structurally different from anything known to the prior art, while here the particular structure is fully disclosed in the patents cited by the examiner.

The decision of the Commissioner of Patents is affirmed, and the clerk is directed to certify these proceedings, as by law required.                                      *Affirmed.*